# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7759 | **DATE** | 1/29/2004 |
| **CASE TITLE** | Sharee S. Williams, Petitioner, v. United States of America, Respondent | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Williams' Petition for a Writ of Habeas Corpus

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due ____. Reply to answer brief due ____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Williams' petition for a writ of habeas corpus is denied in its entirety. This case is terminated.

(11) [For further detail see order attached to the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHAREE S. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 01 C 7759 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

DOCKETED
FEB 02 2004

## MEMORANDUM OPINION AND ORDER

Petitioner Sharee S. Williams' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is before this court. For the following reasons, this court denies the petition in its entirety.

## I. Background

On November 13, 1998, following a jury trial, petitioner was convicted of conspiracy to distribute a Schedule II narcotic, in violation of 21 U.S.C. § 846 (Count I) and possession with intent to distribute and distributing a Schedule II narcotic, in violation of 21 U.S.C. § 841(a)(1) (Count III). She was also convicted of possession of a firearm by a felon (Count V), in violation of 18 U.S.C. § 922(g)(1). On March 18, 1999, this court sentenced Williams to 97 months' imprisonment, pursuant to 21 U.S.C. § 841(b) and the applicable sections of the United States Sentencing Guidelines.

On August 15, 2000, the Seventh Circuit affirmed the convictions on Counts I and III and reversed and remanded for a new trial on Count V. *United States v. Walls, et al.*, 225 F.3d 858 (7th Cir. 2000). Williams did not file a petition for certiorari to the United States Supreme Court.

On remand, the parties agreed that reversal of the conviction on and dismissal of Count V

would not affect the sentence. Accordingly, on November 1, 2000, an amended judgment was entered imposing a 97-month sentence (and deleting reference to the conviction on Count V). The judgment was docketed and made final on November 6, 2000, and petitioner filed no appeal from that judgment.

On October 9, 2001, petitioner timely filed a Section 2255 motion to vacate her sentence.

## II. Habeas Corpus Standard

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or sentence has been founded on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992) (internal quotations and citations omitted). If the court concludes that any such errors infected the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

## III. Analysis

### A. Petitioner Asserts Three Grounds for Relief.[1]

In support of her request for release from imprisonment, Williams asserts three arguments – all of which are premised upon the decision of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). Petitioner claims that *Apprendi* established drug type and quantity as "material elements" of drug-related offenses under 21 U.S.C. § 841(a). On that basis, she contends that: (1) the indictment was faulty by virtue of its failure to specify

---

[1] The grounds were not so enumerated by petitioner, and their contours are unclear, but the court has taken care to identify and address any potential grounds/arguments in her submissions.

-2-

the type and quantity of the drug at issue; and (2) the trial court erred by failing to instruct the jury to make findings on those "elements" under a reasonable doubt standard (and, instead, making those findings itself under a preponderance standard).

In her petition, Williams also obtusely suggests that *Apprendi* altered the Seventh Circuit's formulation of drug-related offenses to require a jury finding of actual knowledge on the part of defendants concerning the types of drugs involved therein. Based upon that suggestion, as well as her generic contention that drug-related offenses require a showing of "specific intent," she asserts that: (3) the court erred by instructing the jury that it did "not matter whether the defendant knew that the substance was cocaine."

### B. Grounds I - III Fail Because of *Apprendi*'s Irrelevance to Petitioner's Case.

The Seventh Circuit's construction of *Apprendi* is clear (and, in some respects, more narrow than that rendered by other federal courts of appeals). "All *Apprendi* holds is that most circumstances increasing a statutory maximum sentence must be treated as elements of the offense – and if the defendant has demanded a jury trial, this means that they must be established beyond a reasonable doubt to the jury's satisfaction." *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000). What this means in the context of drug-related offenses is that "a post-*Apprendi* indictment should specify, and the trier of fact must be instructed to determine, not only the elements of the *offense*, which appear in § 841(a), but also the events listed in § 841(b) on which the prosecutor relies to establish the maximum sentence." *United States v. Bjorkman*, 270 F.3d 482, 491 (7th Cir. 2001).[2]

---

[2] The Seventh Circuit does not consider drug type or quantity to be real "elements" of the offenses proscribed by section 841(a). *Bjorkman*, 270 F.3d at 491-92. *See also United States v. Brough*, 243 F.3d 1078 (7th Cir. 2001).

Critically, *Apprendi*'s "holding is *inapplicable* in situations in which the sentence established is not 'more severe than the statutory maximum for the offense imposed by the jury's verdict.'" *United States v. Huerta*, 239 F.3d 865, 876 (7th Cir. 2001) (quoting *Apprendi*, 120 S. Ct. at 2361 n.13) (emphasis added). *See also United States v. Williams*, 238 F.3d 871, 877 (7th Cir. 2001); *United States v. Brough*, 243 F.3d 1078, 1079-80 (7th Cir. 2001). Indeed, *Apprendi* is "*irrelevant*" where "a drug dealer is sentenced to less than 20 years' imprisonment – the limit under 21 U.S.C. § 841(b)(1)(C) for even small-scale dealing in Schedule I and II controlled substances." *Talbott*, 226 F.3d at 869 (emphasis added). *See also United States v. Robinson*, 250 F.3d 527, 529 (7th Cir. 2001) ("when a defendant's sentence does not exceed 20 years imprisonment – the maximum under § 841(b) for possessing/distributing the smallest amount of cocaine – *Apprendi* is irrelevant") (citations omitted); *United States v. Nance*, 236 F.3d 820, 826 (7th Cir. 2000) ("the *Apprendi* rule applies only to drug quantities that permit a sentence in excess of the default statutory maximum of twenty years").

Contrary to petitioner's argument, the indictment specified that Williams was charged with possession with intent to distribute a substance containing cocaine, a Schedule II controlled substance (Count III), and a related conspiracy (Count I), and the jury was instructed that, to find Williams guilty, it must conclude beyond a reasonable doubt that cocaine was involved.[3] In fact, the parties stipulated at trial to the amount and type of controlled substance involved: 3,971 grams of 80% pure cocaine. The jury found Williams guilty on Counts I and III. The lowest

---

[3] The elements instruction stated, in pertinent part, "To sustain the charge of possession of cocaine with intent to distribute, the government must prove the following propositions: First, the defendant knowingly possessed cocaine; Second, the defendant possessed cocaine with the intent to distribute it; and, Third, the defendant knew the substance was a controlled substance." It also contained the phrase that petitioner cites as the basis for her third ground for relief (*i.e.*, that it did "not matter whether the defendant knew that the substance was cocaine").

-4-

maximum sentence for an offense involving *any* detectible amount of cocaine (or other Schedule II controlled substance) is 20 years. *See* 21 U.S.C. § 841(b)(1)(C). Because petitioner received a sentence below the default statutory maximum, *Apprendi* is irrelevant to her case and wholly unavailing as a means of attacking her sentence and securing her release. *See, e.g., Huerta,* 239 F.3d at 876; *Robinson,* 250 F.3d at 529; *Williams,* 238 F.3d at 876-77; *Talbott,* 226 F.3d at 869. Given that all three of petitioner's purported grounds for relief are dependent upon the applicability of *Apprendi*, they cannot even get off the ground and must be rejected.[4]

## IV. Conclusion

For the foregoing reasons, Williams' petition for a writ of habeas corpus is denied.

Enter:

_David H. Coar_
David H. Coar
United States District Judge

Dated: January 29, 2004

---

[4] Petitioner's third argument relates to the statement in the elements instruction that it did "not matter whether the defendant knew that the substance was cocaine." In her petition, Williams indicates that her argument is premised on *Apprendi* (notwithstanding that *Apprendi* does not even speak to this issue). In her reply, she seeks to disentangle her argument from *Apprendi* by contending that section 841 offenses have always required proof of "specific intent." Regardless, it is clear from the balance of petitioner's submissions to the court that her meandering argument is premised on *Apprendi* and its progeny and, therefore, fails for the reasons set forth herein. In any event, petitioner has not identified any other ground upon which this court could find error in the instruction and, on that basis, grant her petition. Indeed, the Seventh Circuit's decision in *United States v. Osmani*, 20 F.3d 266 (7th Cir. 1994), establishes that the elements instruction utilized in this case is perfectly acceptable. Further, the Seventh Circuit expressly declined to revisit *Osmani* in ruling on Williams' direct appeal. *Walls*, 225 F.3d at 867-68.